7/8/2021                                    Case.net: 21SL-CC2339 - Docket Entries



## Your Missouri Courts                    .net

Search for Cases by:  Select Search Method...   ⌄

Judicial Links    |    eFiling    |    Help    |    Contact Us    |    Print                    Logon

**21SL-CC02339 - CHARLES G LEWIS V CHALLENGE MANUFACTURING CO (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

Sort Date Entries:  ○ Descending  ● Ascending          Display Options:  All Entries  ⌄

| | |
|---|---|
| 05/20/2021 | **Pet Filed in Circuit Ct** |
| | **Confid Filing Info Sheet Filed** |
| | **Memorandum Filed**<br>MEMORANDUM FOR PETITION FILED. |
| | **Motion Filed**<br>MOTION FOR EVIDENTIARY HEARING FILED. |
| | **Memorandum Filed**<br>MEMORANDUM IN SUPPORT OF EVIDENTIARY HEARING FILED. |
| | **Filing:**<br>DEMAND JURY TRIAL FILED. |
| | **Motion Filed** |
| 05/26/2021 | **Judge Assigned** |
| 06/07/2021 | **Summons Issued-Associate**<br>Document ID: 21-SMCC-4909, for CHALLENGE MANUFACTURING CO. |
| | **Judge/Clerk - Note**<br>SERVICE PAPERS DELIVERED TO ST LOUIS COUNTY SHERIFF'S DEPARTMENT. |
| 06/11/2021 | **Corporation Served**<br>Document ID - 21-SMCC-4909; Served To - CHALLENGE MANUFACTURING CO; Server - WEISER, RICHARD; Served Date - 10-JUN-21; Served Time - 00:00:00; Service Type - Territory 1; Reason Description - Served; Service Text - LC |
| 06/14/2021 | **Motion Filed**<br>MOTION FOR DISCOVERY<br>    **Filed By:** CHARLES G LEWIS |
| | **Motion Special Process Server**<br>    **Filed By:** CHARLES G LEWIS |

Case.net Version 5.14.18              Return to Top of Page              Released 05/29/2021

**EXHIBIT A**




**Pleading**

**(Petition)**

The following caption is required in the eastern District of Missouri

Charles G. Lewis

Plaintiff (Petitioner) Pro se - Cause No.# 21SL-CC02339

VS

Challenge Manufacturing Co.,

(Served at Address) Division No. 19

35 Corporate Woods Drive Bridgeton MO 63044

Defendant (Respondent)


**Type of Pleading is a Complaint**

**Nature of Action Code is TI or (Other Tort)**

Signed ( *[signature]* )

Address (9927 Tam O Shanter Dr. APT A 63114)

Telephone Number (314-323-6550)

Corporate Defendant in charge (Joel Borders)

# CAUSE OF ACTION

## Achieved Constructive Termination by Operating a Hostile Work Environment

### Parties

(1) Charles G. Lewis enters as the Plaintiff/Petitioner and representing himself.

(2) Challenge Manufacturing Company is Defendant and ex employer of plaintiff.

# FACTS 1

1. June 11, 2019 Reginald Mitchell set me up with a temp for hire to train (the temp was assigned to run the line) yet the Plex system wasn't placed in training mode.

2. In Late May or Early June, 2019 Reginald Mitchell has an up on cell 13 with a likely hostile coworker.

3. Beginning June 12, 2019 Reginald Mitchell has a habit of not keeping his hands to himself.

4. December 3, 2019 Reginald Mitchell Begins to horse play by kicking my work cart and tripping me at the same time.

5. December 13, 2019 Reginald Mitchell continues to horse play by throwing gloves at me.

6. December 18, 2019 Weld tech personnel inform me that the instructions Reginald Mitchell gave me (to work the same part on two machines on cell 1) was wrong and could damage the machine.

7. Even after sitting down with plant management and human resources Reginald Mitchell continues his antagonizing. 1/21/20 Reginald Mitchell switches the labels on my work cell 5w001b with that of a first shift worker. 85500121 F596061 2:45 p.m. – F596182 Charles Lewis 7:41 p.m.

8. 2/4/2020 Reginald Mitchell is giving me orders on behalf of management. 5:10 – 5:30

# FACTS 2

9. I report Reginald Mitchell's antics to Union Representative (Ernest Williams) only to find myself being ambushed by Joel Borders, Michelle Emerson, and Reginald Mitchell.

10. Reginald Mitchell continued to attempt to sabotage my work

11. I asked Ernest Williams to file a grievance only for him to tell Rodney Penson about my request.

## Claims for Relief

12. <u>Constructive Termination:</u> In 2020 the world was struck with COVID and Challenge Manufacturing laid off its employees. When we were called back I was unable to do so knowing what was waiting for me.

13. <u>Emotional Distress:</u> It became difficult for myself and other coworkers in dealing with the environment at Challenge Manufacturing.

14. <u>Hostile Workplace:</u> Knowing that Reginald Mitchell was allowed to Bully, Harass, and agitate myself and my coworkers made the job a mental and physical fight.

15. <u>Fiduciary:</u> Joel Borders and Rodney Penson are known for using their authority to Bully and manipulate the employees.

16. <u>Tort of Outrage:</u> My experience at Challenge Manufacturing was beyond all bound of decency.

## Prayer for Relief

Constructive Termination
$320,000

Hostile Work Environment
$250,000

Fiduciary Duties
$320,000

Emotional Distress
$250,000

Tort of Outrage
$320,000

Punitive
$500,000

I (the Plaintiff ) Charles G. Lewis here by verify that a copy of this brief has been served upon the defendant (Challenge Manufacturing Co.,) on the date of ___5-5-2021___ At location 35 Corporate Woods Drive Bridgeton MO 63044.

Charles G. Lewis *(Plaintiff & Petitioner) Pro Se*
9927 Tam O Shanter Dr. # A
Overland MO. 63114
(314) 323-655
Pro.se.wars2017@gmail.com

I (the Plaintiff ) Charles G. Lewis here by verify that a copy of this brief has been served upon the defendant (Challenge Manufacturing Co.,) on the date of _____ 5 / 20 / 21 _____ At location 35 Corporate Woods Drive Bridgeton MO 63044.

Charles G. Lewis *(Plaintiff & Petitioner) Pro Se*
9927 Tam O Shanter Dr. # A
Overland MO. 63114
(314) 323-655
Pro.se.wars2017@gmail.com

Sign: *Charles G. Lewis*

## Acknowledgement

The **Acknowledgement** is a verification that the document in question was signed voluntarily by the signer and that the signer is who they say they are. The notary will need to see the signer in person, see an acceptable form of identification and ask the signer to acknowledge that the signature on the document is their signature and that they signed the document willingly.

Notary Public

Title and Rank

Date of Commission Expiry

March 31st, 2023

**IN THE 21ST JUDICIAL CIRCUIT**   ST LOUIS COUNTY COURT
BUILDING, CLAYTON, MO 63105

Payor: CHARLES G LEWIS
9927 TAM O SHANTER DR
# A
OVERLAND, MO 63114

Receipt Date:      26-May-2021
Receipt Number:    21SL4868891
Date Printed:      26-May-2021
Time Printed:      01:51 PM

**\*\*RECEIPT\*\***

**Case Number: 21SL-CC02339 - CHARLES G LEWIS V CHALLENGE MANUFACTURING CO**

|  |  |  |
|---|---|---|
|  | Case Balance Due prior to receipt: | $141.50 |
| Pet Filed in Circuit Ct | Law Library: | -$20.00 |
| Pet Filed in Circuit Ct | Dom Viol-Circuit Civil: | -$2.00 |
| Pet Filed in Circuit Ct | Circuit Civil Costs w/o SRF: | -$83.50 |
|  | Sheriff Deputy Salary Supp: | -$10.00 |
|  | Sheriff-Civil: | -$26.00 |
|  | Remaining Case Balance Due: | $0.00 |

| **Payment Types Applied to Case(s)** | **Amount** |
|---|---|
| Money Order 0085654059: | -$141.50 |

| Total Payment(s): | $141.50 |
|---|---|
| Remaining Balance Due for Cases Listed Above: | $0.00 |

**Receipt Text:** paid by  CHARLES G LEWIS

**Note:** Information shown on receipt is current as of date printed.

**Case Information for Case(s) Listed Above:**

**Case Number: 21SL-CC02339 - CHARLES G LEWIS V CHALLENGE MANUFACTURING CO**
   **Party:** LEWIS CHARLES G
   **Party:** CHALLENGE MANUFACTURING CO

In the

# CIRCUIT COURT
of St. Louis County, Missouri

Charles B. Lewis
Plaintiff(s)

vs.

Challenge Manufacturing
Defendant(s)

Date

Case Number 21SL-CC02339

Division 19

For File Stamp Only

FILED

MAY 20 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Memorandum For
Petition

Charles B. Lewis
Pro Se
Attorney                    Bar No. Pro Se

9927 Tam O Shanter dr. #A
Address

314-323-6550
Phone No.                   Fax No.

**SO ORDERED**

_____
Judge

**ENTERED:** _____
              (Date)

CCOPR47-WS  Rev. 02/14

_____   _____
Attorney                    Bar No.

_____
Address

_____   _____
Phone No.                   Fax No.

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CHARLES G. LEWIS )
)
    Plaintiff )
)
                    )    Case No.
V. )
)
CHALLENGE )   Division
MANUFACTURING., )
)
    Defendants )
)

## Memorandum In Support of Petition

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., (the Plaintiff) hereby, enters his official memorandum in support of petition.

## CONSTRUCTIVE TERMINATION

Occurs when an employer deliberately renders an employee's working conditions is so intolerable that the employee is forced to quit their job as in *Bell v. Dynamite Foods* 1998 Missouri Court of Appeals. To affect a constructive discharge, the working conditions must be such that a reasonable person would find them intolerable.

It is well known at Challenge Manufacturing that certain work cells are used to Punish unfavorable employees. I (the Plaintiff) as well as others have been unilaterally taken off of our usual work cells at the subjection of Reginald Mitchell from time to time. This form of constructive targeting resembles *Corker v. University of British Columbia, 1990, Carswell B.C. 726 (BCSC)* Furthermore, the fact that I (the Plaintiff) was on the instructions of Reginald Mitchell whom wasn't a Manager or Supervisor of any kind made it seem as if I had to answer to him regardless *Ciszkowski v. Canac Kitchens, 2015 ONSC 73 (CanLII)*

Lastly, I (the Plaintiff) demanded of my Union representative known as Earnest Williams to file a grievance with the Union for Reginald Mitchell's actions only to be ambushed by HR and plant management; then finding out later that in the union contract only the plant manager can file a grievance. *Nethery v. Lindsey Morden Claim services Limited, 1999 CanLII 3857 (BC SC)*

## HOSTILE WORK ENVIORNMENT

Reginald Mitchell has many times initiated unwelcome physical contact with the (Plaintiff) in open view of coworkers, supervisors, and surveillance. **Under Missouri Law 565.090. Harassment, first degree, penalty.** – 1. A Person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such a person to suffer emotional distress. **Under Missouri Law 565.091. Harassment, second degree, penalty.** – 1. A Person commits the offense of harassment in the second degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such a person to suffer emotional distress.

## FIDUCIARY, The Basics of Missouri Workplace Laws

**The Basics of Missouri Workplace Laws**

The basis of Missouri Workplace Laws is that all employees have basic rights in the workplace. These rights include, but are not limited to: the right to fair compensation and freedom from discrimination.

This means that an employee cannot be discriminated against based on: age, gender, race, disability, national origin, or religion. As well, some other important employee rights' include:

- *Right to be free from discrimination and harassment*
- *Right to a safe place to work that is free of safety hazards and toxic substances*
- *Right to "whistleblower rights"*
- *Right to be compensated fairly for work performed.*

Fiduciary relationships often concern money, but the word fiduciary does not, in and of itself, suggest financial matters. Rather, fiduciary applies to any situation in which one person justifiably places confidence and trust in someone else and seeks that person's help or advice in some matter. The attorney-client relationship is a fiduciary one, for example, because the client trusts the attorney to act in the best interest of the client at all times. Fiduciary can also be used as a noun for the person who acts in a fiduciary capacity, and fiduciary or fiducially can be called upon if you are in need of an adverb. The words are all faithful to their origin: Latin fidere, which means "to trust."

(the Plaintiff) had to give up financial compensation for work and the right to be safe from harassment. Furthermore; (the Plaintiff) wishes to argue that Joel Borders, Rodney Pence, Michelle Emerson, and Earnest Williams lack of disciple of Reginald Mitchell's crusade against (the Plaintiff) Charles G. Lewis violate Missouri Law 213.070 Additional unlawful discriminatory practices

1. It shall be an unlawful discriminatory practice for an employer, employment agency, labor organization, or place of public accommodation:
 (1)  To aid, abet, incite, compel, or coerce the commission of acts prohibited under this chapter or to attempt to do so;

Complaint: A written statement by the plaintiff stating the wrongs allegedly committed by the defendant. To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter;

Under Missouri law 213 .076 1.  When a written notice of hearing is issued alleging violation of section 213.040, 213.045, 213.050, or 213.070, to the extent that the alleged violation of section 213.070 relates to or involves violation of one or more of such other sections or relates to or involves the encouraging, aiding or abetting of violation of such sections, a complainant or respondent may elect to have the claims asserted in that complaint decided in a civil action under the provisions of this section in lieu of a hearing pursuant to the provisions of section 213.075.  Written notice of an election made pursuant to this subsection shall be filed with

the commission and all parties within twenty days of the date on which the written notice of hearing is placed in the mail by the commission staff.

Where a party has made an election pursuant to the provisions of this section, to have the claims asserted in a written notice issued by the chairperson, decided in a civil action, the chairperson shall immediately direct staff attorneys employed by the commission to commence and maintain a civil action on behalf of the complainant. Such action shall be commenced within thirty days of the election. All expenses of the claimant related to a civil action brought under this section shall be paid by the commission.

Terms Used In Missouri Laws 213.076

Commission: the Missouri commission on human rights. See Missouri Laws 213.010
Complainant: a person who has filed a complaint with the commission alleging that another person has engaged in a prohibited discriminatory practice. See Missouri Laws 213.010
Complaint: A written statement by the plaintiff stating the wrongs allegedly committed by the defendant.
Discovery: Lawyers' examination, before trial, of facts and documents in possession of the opponents to help the lawyers prepare for trial.
Person: includes one or more individuals, corporations, partnerships, associations, organizations, labor organizations, legal representatives, mutual companies, joint stock companies, trusts, trustees, and trustees in bankruptcy, receivers, fiduciaries, or other organized groups of persons. See Missouri Laws 213.010
Respondent: a person who is alleged to have engaged in a prohibited discriminatory practice in a complaint filed with the commission. See Missouri Laws 213.010
Unlawful discriminatory practice: any act that is unlawful under this chapter. See Missouri Laws 213.010

3. Any person aggrieved with respect to the issues to be determined in a civil action instituted pursuant to this section may intervene as of right in a civil action.
4. In a civil action instituted pursuant to this section, if the court finds that an unlawful discriminatory practice has occurred or is about to occur, the court may grant all relief as set forth in section 213.111. If monetary relief is sought for benefit of an aggrieved person who is not a party to the civil action, the court shall not award such relief if such person has not complied with discovery orders issued by the court.

5.  The commission shall have authority to hire such attorneys as may be necessary to perform duties assigned to it pursuant to this section.


Respectfully Submitted by

Charles G. Lewis

[Plaintiff & Petitioner] Pro Se

_____

Signature
Required

In the
# CIRCUIT COURT
of St. Louis County, Missouri

Charles G. Lewis
**Plaintiff(s)**

vs.

Challenge Manufacturing
**Defendant(s)**

**Date**
21SL-CC02333

**Case Number**
19

**Division**

FILED
For File Stamp Only

MAY 2 0 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

# Motion for Evidentiary Hearing

**SO ORDERED**

_____
**Judge**

**ENTERED:** _____
                    (Date)

CCOPR47-WS  Rev. 02/14

Charles G. Lewis
Pro Se                          pro se
**Attorney**                    **Bar No.**

991                             c # A
**Address**

31¢
**Phone No.**                   **Fax No.**

_____
**Attorney**                    **Bar No.**

_____
**Address**

_____
**Phone No.**                   **Fax No.**

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CHARLES G. LEWIS          )
                               )
       Plaintiff           )
                               )      Case No.
V.                          )
                               )
CHALLENGE             )      Division
MANUFACTURING.,      )
                               )
       Defendants         )
                               )

### (the Plaintiff's) Motion for Evidentiary Hearing

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., (the Plaintiff) hereby submits his motion for evidentiary hearing.

As amended through January 8, 2020

Rule 6.508 - Procedure; Evidentiary Hearing; Determination**(A)** Procedure Generally. If the rules in this subchapter do not prescribe the applicable procedure, the court may proceed in any lawful manner. The court may apply the rules applicable to civil or criminal proceedings, as it deems appropriate.**(B)** Decision Without Evidentiary Hearing. After reviewing the motion and response, the record, and the expanded record, if any, the court shall determine whether an evidentiary hearing is required. If the court decides that an evidentiary hearing is not required, it may rule on the motion or, in its discretion, afford the parties an opportunity for oral argument.**(C)** Evidentiary Hearing. If the court decides that an evidentiary hearing is required, it shall schedule and conduct the hearing as promptly as practicable. At the hearing, the rules of evidence other than those with respect to privilege do not apply. The court shall assure that a verbatim record is made of the hearing.**(D)** Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion**(1)** seeks relief from a judgment of conviction and sentence that still is subject to challenge on appeal pursuant to subchapter 7.200 or subchapter 7.300;**(2)** alleges grounds

for relief which were decided against the defendant in a prior appeal or proceeding under this subchapter, unless the defendant establishes that a retroactive change in the law has undermined the prior decision;(3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates(a) good cause for failure to raise such grounds on appeal or in the prior motion, and(b) actual prejudice from the alleged irregularities that support the claim for relief. As used in this subrule, "actual prejudice" means that,(i) in a conviction following a trial,(ii) in a conviction entered on a plea of guilty, guilty but mentally ill, or nolo contendere, the defect in the proceedings was such that it renders the plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand;(iii) in any case, the irregularity was so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case;(iv) in the case of a challenge to the sentence, the sentence is invalid.

The court may waive the "good cause" requirement of subrule (D)(3)(a) if it concludes that there is a significant possibility that the defendant is innocent of the crime.

(E) Ruling. The court, either orally or in writing, shall set forth in the record its findings of fact and its conclusions of law, and enter an appropriate order disposing of the motion.

Respectfully submitted,
Charles G. Lewis

[Petitioner & Plaintiff] pro se
9927 Tam O Shanter Dr. Apt. A
St. Louis, Mo 63114
314-323-6550

In the
# CIRCUIT COURT
of St. Louis County, Missouri

_Charles C. Lewis_
Plaintiff(s)

vs.

_Challenge Manufacturing_
Defendant(s)

Date _____

Case Number _21SL-CC02339_

Division _19_

For File Stamp Only

# FILED

MAY 20 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

_Memorandum in Support
of Evidentiary
Hearing_

**SO ORDERED**

_____
Judge

**ENTERED:** _____
(Date)

CCOPR47-WS  Rev. 02/14

_Charles D. Lewis_
_Pro Se_

Attorney _____ Bar No. ____
_9927 Tam O Shanter Dr. #A_
Address
_314-323-6550_
Phone No. _____ Fax No. ____

Attorney _____ Bar No. ____

Address _____

Phone No. _____ Fax No. ____

IN THE CIRCUIT COURT OF ST. Louis COUNTY
STATE OF MISSOURI

CHARLES G. LEWIS                    )
                                    )
        Plaintiff                   )
                                    )          Case No.
V.                                  )
                                    )
CHALLENGE                           )          Division
MANUFACTURING.,                     )
                                    )
        Defendants                  )
                                    )

## (the Plaintiff's) Memorandum in Support of Evidentiary Hearing and Discovery

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., (the Plaintiff) hereby enters my memorandum for evidentiary hearing. It is important for the court to hear witness and parties' testimony that would reflect the environment of Challenge Manufacturing., including the behavior of Management and Reginald Mitchell. *Mo. R. Civ. P. 55.28* The (Plaintiff) would further like to request affidavits from the three coworkers that will used to set evidentiary hearing *Mo. R. Civ. P. 65.05* Also it is important to show the email that (the Plaintiff) sent to Challenge Manufacturing HR professional Michelle Emerson which list the very problems occurring at that time. *Coffman Grup v. 219. S.W.3d (MoCt.App.2005)* we do not minimize the importance of the initial hearing, which is the one involved here. This hearing "is much more than a preliminary hearing on a pretrial motion" *Washington University Medical Center v. Komen, 637 S.W.2d 51, 54 (mo. App. 1982)*. As a preliminary matter, however, it may be said that ever since the landmark decision of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) which interpreted the original discovery rules in the federal system, the whole philosophy of pre-trial procedure has undergone a metamorphosis. Missouri has, for all practical purposes, adopted the federal rules and the modern philosophy of pre-trial discovery almost verbatim. We have come a long way since the days of the "sporting theory of justice." The modern philosophy of pre-trial discovery is salutary and performs important and legitimate functions. The benefits of pre-trial discovery are numerous: liberal discovery aids in the ascertainment of truth, surprise is eliminated, issues are narrowed, trial preparation is facilitated, and "relevant" information is obtained. See generally, 8 Wright Miller, Federal Practice and Procedure, § 2001 (1970) and 4 J.W. Moore, Federal Practice, § 26.02 at 26-58.1 et seq., and Mo. Bar CLE, Missouri Civil

Procedure, 56-1 et seq. (1988). Threats of violence may be actionable as civil assaults if they involve sufficiently severe facts, going beyond mere hostility and workplace friction, even if unaccompanied by battery. Assault is defined as "any unlawful or attempt to injure another with the apparent present ability to effectuate under circumstance creating a fear of imminent peril."

- *Phelps v. Bross. 73 S.W. 3d 651 655 (Mo App. E.D. 2002)*
- *Geiger v. Bowersox, 974 S.W. 2d 513, 516 (Mo. E.D. 1998)*
- *Citing Adler V. Ewing, 347 S.W. 2d 396, 403 (Mo. App E.D. 1961)*

### Under Missouri Rule of Procedure 56.01 Discovery...

**(a)Discovery Methods.** Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents, electronically stored information, or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. **(b) Scope of Discovery.** Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows :**(1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter, provided the discovery is proportional to the needs of the case considering the totality of the circumstances, including but not limited to, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit.

Information within the scope of discovery need not be admissible in evidence to be discoverable if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The party seeking discovery shall bear the burden of establishing relevance.

**(2)Limitations.** Upon the motion of any party or on its own, the court must limit the frequency or extent of discovery if it determines that:**(A)** The discovery sought is cumulative, duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;**(B)** The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or**(C)** The proposed discovery is

outside the scope permitted by this Rule 56.01(b)(1).**(3)Specific Limitations on Electronically Stored Information.** A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 56.01(b) (2). The court may specify conditions for the discovery. **(4)Insurance Agreements.** A party may obtain discovery of the existence and contents, including production of the policy and declaration page, of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purposes of this Rule 56.01(b) (4), an application for insurance shall not be treated as part of an insurance agreement. **(5)Trial Preparations: Non-retained Experts.** A party, through interrogatories, may require any other party to identify each non-retained expert witness, including a party, whom the other party expects to call at trial who may provide expert witness opinion testimony by providing the expert's name, address, and field of expertise. For the purpose of this Rule 56.01(b)(5), an expert witness is a witness qualified as an expert by knowledge, experience, training, or education giving testimony relative to scientific, technical or other specialized knowledge that will assist the trier of fact to understand the evidence. Discovery of the facts known and opinions held by such an expert shall be discoverable in the same manner as for lay witnesses. **(6)Approved Interrogatories and Request for Production.** A circuit court by local court rule may promulgate 'approved' interrogatories and requests for production for use in specified types of litigation. Each such approved interrogatory and request for production submitted to a party shall be denominated as having been approved by reference to the local court rule and paragraph number containing the interrogatory or request for production.**(c)Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, including e-discovery, and for good cause shown, the court may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:**(1)** that the discovery not be had;**(2)** that the discovery may be had only on specified terms and conditions, including a designation of the time and place;**(3)** that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;**(4)** that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters;**(5)** that discovery be conducted with no one present except persons designated by the court;**(6)** that a deposition after being sealed be

opened only by order of the court;**(7)** that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way;**(8)** that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If a motion for protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 61.01 apply to the award of expenses incurred in relation to the motion.

In ruling on an objection that the discovery request creates an undue burden or expense, the court shall consider the issues in the case and the serving party's need for such information to prosecute or defend the case and may consider, among other things, the amount in controversy and the parties' relative resources in determining whether the proposed discovery burden or expense outweighs its benefit.

**(d)Sequence and Timing of Discovery.** Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery.**(e)Supplementation of Responses.** A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. **(f)Stipulations Regarding Discovery Procedure.** Unless the court orders otherwise, the parties may by written stipulation (1) provide that depositions may be taken before any person at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and (2) modify the procedures provided by these Rules for other methods of discovery. Any stipulation under subdivision (2) shall be filed. **(g)Cooperation in Discovery.** All parties shall make reasonable efforts to cooperate for the purpose of minimizing the burden or expense of discovery.

*Mo. R. Civ. P. 56.01*

In the
# CIRCUIT COURT
of St. Louis County, Missouri

Charlee G. Lewis
_____
Plaintiff(s)

vs.

Challenge Manufacturing
_____
Defendant(s)

Date
21SL-CC02339

Case Number
19

Division

For File Stamp Only

# FILED

MAY 2 0 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Demand
Jury
Trial,


*Charlee G. Lewis*
Pro Se

**SO ORDERED**

Attorney _____ Bar No. _____

9927 Tam O Shanter dr #A
Address

314-323-6550
Phone No. _____ Fax No. _____

_____
Judge

**ENTERED:** _____
(Date)

Attorney _____ Bar No. _____

Address _____

Phone No. _____ Fax No. _____

CCOPR47-WS  Rev. 02/14

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

CHARLES G. LEWIS                )
                                )
        Plaintiff               )
                                )          Case No.  Demand Jury Trial
V.                              )
                                )
CHALLENGE                       )          Division
MANUFACTURING.,                 )
                                )
        Defendants              )
                                )

## (the Plaintiff's) Constitutional Right for a Jury Trial

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., hereby, demands a Jury trial by right of the seventh amendment of the United States Constitution which reads… In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Respectfully Submitted by
Charles G. Lewis
[Plaintiff & Petitioner] Pro Se

9927 Tam O Shanter Dr. #A
Overland MO. 63114
314-323-6550

In the
# CIRCUIT COURT
of St. Louis County, Missouri

Charles G. Lewis
Plaintiff(s)

vs.

Challenge Manufacturing
Defendant(s)

Date

21SL-CC02333
Case Number

19
Division

For File Stamp Only

FILED

MAY 2 0 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Motion for Discovery

**SO ORDERED**

Charles G. Lewis
Pro Se
Attorney                                    Bar. No.

9927 Tam O Shanter dr. #A
Address

314-323-6550
Phone No.                                   Fax No.

Judge

**ENTERED:**
                    (Date)

Attorney                                    Bar. No.

Address

Phone No.                                   Fax No.

CCOPR47-WS  Rev. 02/14

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CHARLES G. LEWIS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. |
| V. | ) | |
| | ) | |
| CHALLENGE | ) | Division |
| MANUFACTURING., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

### (the Plaintiff's) Motion for Discovery for Presentation in Evidentiary Hearing

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., hereby, puts in this motion for discover where this material will be used in a scheduled evidentiary hearing.

1. Total 24 hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton MO 63004 on date June 12, 2019.

2. Total 24 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date December 3, 2019.

3. Total 24 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date December 13, 2019.

4. All information concerning products F596061 and F596182 from cell 5w001b

5. Total 24 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date February 4, 2020.

6. Address, Home phone number, cell phone number, and email address of George Davis, coworker and once Union representative at Challenge in early 2020.

7. Address, Home phone number, cell phone number, and email address of Bernard Minor, coworker at Challenge during (the Plaintiff's) career there.

8. Address, Home phone number, cell phone number, and email address of Antoine Watson, coworker at Challenge during (the Plaintiff's) career there.

9. The email that I (the Plaintiff) sent to Michelle Emerson concerning the issues discussed at the ambush.

10. The Plaintiff's FMLA records

11. Exact date of pandemic lay off and exact date of pandemic recall.

Respectfully submitted,
Charles G. Lewis

[Petitioner & Plaintiff] pro se
9927 Tam O Shanter Dr. Apt. A
St. Louis, Mo 63114
314-323-6550



**IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI**

| Judge or Division:<br>THOMAS CHRISTIAN ALBUS | Case Number:  21SL-CC02339 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHARLES G LEWIS<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES G LEWIS<br>9927 TAM O SHANTER DR<br># A<br>OVERLAND, MO  63114 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CHALLENGE MANUFACTURING CO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | |
| Nature of Suit:<br>CC Other Tort | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  **CHALLENGE MANUFACTURING CO**
Alias:

**35 CORPORATE WOODS DRIVE**
**BRIDGETON, MO  63044**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>07-JUN-2021</u>
Date

_____
Clerk

**Further Information:**
CG

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server             Signature of Sheriff or Server
      **Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

      My commission expires: _____   _____
                            Date                  Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**

If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**

If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**

Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029



L
6/18 927/AM
c/s Michelle HR                                                    SB 7/7
10

# RETURN

## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>THOMAS CHRISTIAN ALBUS | Case Number: 21SL-CC02339 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CHARLES G LEWIS | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES G LEWIS<br>9927 TAM O SHANTER DR<br># A<br>OVERLAND, MO 63114 | **SHERIFF FEE PAID** |
| Defendant/Respondent:<br>CHALLENGE MANUFACTURING CO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING | |
| Nature of Suit:<br>CC Other Tort | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp) |

vs.

## Summons in Civil Case                                    FILED

The State of Missouri to: CHALLENGE MANUFACTURING CO
                          Alias:                                    JUN 15 2021

35 CORPORATE WOODS DRIVE
BRIDGETON, MO 63044          01
                             WEISR  W                         JOAN M. GILMER
                                                       CIRCUIT CLERK, ST LOUIS COUNTY

COURT SEAL OF          You are summoned to appear before this court and to file your pleading to the petition, a copy of
                  which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the
                  above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to
                  file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
                       SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please
                  notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov,
ST. LOUIS COUNTY  or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court
                  proceeding.

                  **07-JUN-2021**
                  Date                                                        Clerk
                  Further Information:
                  CG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who
permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Michelle_ _____ (name) _HR_ _____ (title).

☐ other _____

Served at _35 CORPORATE WOODS DR. 63044_ (address)
in _STL_ (County)/City of St. Louis, MO, on _6/10/21_ (date) at _09:27_ (time).

_R.C. WEISER_                    _Weiser_
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
                         Date                              Notary Public

In the

# CIRCUIT COURT

## Of St. Louis County, Missouri



Plaintiff/Petitioner
*Charles G. Lewis*

vs.

Defendant/Respondent
*Challenge Manufacturing Co,*

Date _____

Case Number *21SL-CC02339*

Division *19*

For File Stamp Only

**FILED**

JUN 1 4 2021

**JOAN M. GILMER**
CIRCUIT CLERK, ST. LOUIS COUNTY

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now *Charles G. Lewis* , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

*County Sheriff   105 S. Central Ave. Clayton Mo, 63105   314-615-7504*

Name of Process Server                    Address                                        Telephone

_____     _____     _____
Name of Process Server          Address or in the Alternative                      Telephone

_____     _____     _____
Name of Process Server          Address or in the Alternative                      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:                                                    SERVE:
*Challenge Manufacturing Co,*
Name                                                        Name
*35 Corporate Woods Dr. B*
Address                                                    Address
*Bridgeton Mo 63044*
City/State/Zip                                            City/State/Zip

SERVE:                                                    SERVE:
_____                          _____
Name                                                        Name
_____                          _____
Address                                                    Address
_____                          _____
City/State/Zip                                            City/State/Zip

Appointed as requested:
**JOAN M. GILMER, Circuit Clerk**

By _____
        Deputy Clerk

_____
Date

*Charles G. Lewis*
Signature of Attorney/Plaintiff/Petitioner
*Pro Se*
Bar No. *99217   Tam O Shanter Dr.#A*
Address *314-323-6550*
Phone No.                                    Fax No.

CCADM62-WS   Rev. 08/16        WHITE – File        YELLOW-Special Process Server        PINK – Attorney/Petitioner

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

In the
# CIRCUIT COURT
of St. Louis County, Missouri

Charles C. Lewis
**Plaintiff(s)**

vs.

Challenge Manufacturing Co,
**Defendant(s)**

Date
21SL-CC02379
**Case Number**

19
**Division**

For File Stamp Only

# FILED
JUN 1 4 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

Motion for Discovery

**SO ORDERED**

Charles C. Lewis        pro se
**Attorney**                **Bar No.**
9927 Tam O Shanter Dr. #A
**Address**
314-393-6550
**Phone No.**                **Fax No.**

**Attorney**                **Bar No.**

**Address**

**Phone No.**                **Fax No.**

**Judge**

**ENTERED:**
        **(Date)**

CCOPR47-WS  Rev. 02/14



**FILED**

JUN 1 4 2021

**JOAN M. GILMER**
CIRCUIT CLERK, ST LOUIS COUNTY

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

CHARLES G. LEWIS )
)
Plaintiff )
)
V. ) Case No. 21SL-CC02339
)
CHALLENGE ) Division 19
MANUFACTURING., )
)
Defendant )
)

### (the Plaintiff's) Motion for Discovery for Presentation in Evidentiary Hearing

Now Comes (the Plaintiff) Charles G. Lewis (Pro Se) vs. Challenge Manufacturing Co., hereby, puts in this motion for discover where this material will be used in a scheduled evidentiary hearing.

1. Total 48 hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton MO 63004 on date June 12, 2019 to June 13, 2019.

2. Total 48 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date December 3, 2019 to December 4, 2019.

3. Total 48 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date December 13, 2019 to December 14, 2019.

4. All information concerning products F596061 and F596182 from cell 5w001b

5. Total 48 Hour surveillance footage from Challenge Manufacturing 35 Corporate Woods Drive Bridgeton Mo 63004 on Date February 4, 2020 to February 5, 2020.

6. Address, Home phone number, cell phone number, and email address of George Davis, coworker and once Union representative at Challenge in early 2020.

7. Address, Home phone number, cell phone number, and email address of Bernard Minor, coworker at Challenge during (the Plaintiff's) career there.

8. Address, Home phone number, cell phone number, and email address of Antoine Watson, coworker at Challenge during (the Plaintiff's) career there.

9. The email that I (the Plaintiff) sent to Michelle Emerson concerning the issues discussed at the ambush.

10. The Plaintiff's FMLA records

11. Exact date of pandemic lay off and exact date of pandemic recall.

Respectfully Submitted By,

Charles G. Lewis *(Plaintiff & Petitioner) Pro Se*
9927 Tam O Shanter Dr. # A
Overland MO. 63114
(314) 323-655
Pro.se.wars2017@gmail.com

Sign: _____